Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BONNIE NGUYEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**NELNET SERVICING, LLC, AND DOES 1-10, INCLUSIVE,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br>2. **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br>3. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**<br>4. **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**<br><br>**JURY TRIAL DEMANDED** |

1

CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff BONNIE NGUYEN ("Plaintiff"), by and through his attorneys, brings this class action against NELNET SERVICING, LLC (hereinafter "Defendant" or "NELNET "). This action is based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et. seq., ("FCRA") violations of the California Consumer Credit Reporting Agencies Act, Cal Civ Code §1785, et seq. ("CCCRA"), violations of California's Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et seq. ("UCL") and the Consumer Legal Remedies Act, Cal. Civ. C. § 1750, et seq. ("CLRA").

2. Defendant systematically violated the rights of consumers who applied for forbearances with Defendant by granting the forbearances but then reporting these consumers as having missed a payment to the various Credit Reporting Agencies, despite agreeing no payment need be made.

3. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, accuracy and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

4. Plaintiff brings this class action complaint to challenge the actions of Defendant with regard to Defendant's inaccurate reporting of a delinquent account on Plaintiff's and other similarly situated consumers' credit reports and the underlying business practices for such decisions.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

8. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

10. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq..

11. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.. The Court has supplemental jurisdiction over Plaintiff's CCCRA, UCL, and CLRA claims.

12. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Orange, State of California, whose credit report was negatively affected by an inaccurate serious delinquency reported on his credit by Defendant. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant NELNET SERVICING, LLC is, and at all times mentioned herein was, a national lender, which is headquartered in Tustin, California and incorporated within the state of California.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California. Further, Defendant regularly provides information to consumer credit reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

18. On or around January of 2020, Defendant reported to the credit bureaus that Plaintiff was delinquent in payments toward her loan(s).

19. This, in fact, was not accurate as Plaintiff applied for a forbearance

which was granted and went into effect during the same time as the delinquent reporting.

20. Additionally, Plaintiff sent Defendant documentation proving her forbearance several times yet, Defendant ignored her dispute and request to fix the inaccurate reporting.

21. Defendant continued to report Plaintiff's loans as delinquent for January 2020 to the credit bureaus which caused a decrease in her credit score.

22. Defendant represented that since Plaintiff's loan was in forbearance that Plaintiff would not have to make a payment for June 2020. The aforementioned representations were false, misleading, and outright deceptive. Defendant reported to the credit bureaus that her loan was in a delinquent state when they were in fact in good standing per their agreement.

23. Defendant's omissions and representations about handling Plaintiff's loan account and updating them properly, are material to Plaintiff's decision to transact with Defendant. That is, had Plaintiff known that Defendant would not properly update her loan account in good standing, Plaintiff would not have transacted with Defendant.

24. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant.

25. Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense.

26. Plaintiff submitted a dispute regarding the reporting to the Credit Reporting Agencies after the delinquent reporting in 2020, but Defendant verified the false information and continued to furnish false information to the credit reporting agencies and failed to perform a reasonable reinvestigation of Plaintiff's dispute and account history to discover its error. Defendant thereafter maintained that Plaintiff's delinquent account status was accurate and that the

information on Plaintiff's credit report was correct.

27. The FCRA and the CCCRA prohibit such conduct.

28. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. Section 1681a(f).

29. Defendant is aware that the credit reporting agencies to which they are providing information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance, or employment.

30. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff has suffered actual damages, including, but not limited to the fact that Plaintiff's application for a credit card has been denied.

31. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

32. The credit reports have been, and continue to be, disseminated to various persons and credit grantors, both known and unknown.

33. Plaintiff has been damaged, and continues to be damaged, in the following ways:

>   A. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.
>
>   B. Decreased credit score which may result in inability to obtain credit on future attempts.

34. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and

control of the Defendant herein.

35. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

36. Defendant violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

37. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

38. As a result of the above violations of the CCCRA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

39. Defendant has a common practice and policy of failing to properly record forbearances that it enters into with consumers and then reporting those

consumers as delinquent on their credit reports despite Defendant having agreed that those consumers did not need to make a payment for the "delinquent" month.

40. Defendant also has a common practice and policy of failing to reasonably reinvestigate in response to a consumers dispute regarding this reporting—because Defendant's policy and practice is to report forbearances as delinquent.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

42. The class which Plaintiff seeks to represent is composed of and defined as follows:

> Class:
>
> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects a delinquency entry by Defendant, for a time period when they had received a forbearance, within the four-year period prior to the filing of Plaintiff's Complaint.
>
> California Subclass:
>
> All members of the Plaintiff Class who are California Residents.

43. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant engaged in illegal and deceptive practices, when it reported Plaintiff and the Class Members as delinquent after receiving a forbearance in violation of the FCRA and CCCRA.

45. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents reported inaccurate credit information to the Credit Reporting Agencies, pertaining to the status of Class Members' mortgage modifications;

    b. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents performed a reasonable reinvestigation upon receipt of a dispute pertaining to Defendant's reporting on the status of Class Members' mortgage modifications;

    c. Whether such conduct was unfair, unlawful, or fraudulent under the UCL or a violation of the CLRA;

    d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

    e. Whether Plaintiff and the Class members suffered actual damages as a result of Defendant's conduct;

  f. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

  g. Whether Plaintiff and the Class members are entitled to injunctive relief;

  h. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

  i. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

  j. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

48. As a person who suffered an inaccurate reporting of a delinquent account by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act, the Consumer Credit Reporting Agencies Act, the Unfair Competition Law, and the Consumer Legal Remedies Act.

51. A class action is a superior method for the fair and efficient

adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA, CCCRA, UCL, or CLRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## First Cause Of Action
## The Fair Credit Reporting Act
## 15 U.S.C. §§ 1681-1692x (FCRA)

*Plaintiff Individually and on Behalf of the Class Against Defendant*

53. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

55. Defendant violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

  b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

56. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

57. As a result of each and every willful violation of the FCRA, Plaintiff and Class Members are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other Class Members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

**SECOND CAUSE OF ACTION**

**THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

*Plaintiff Individually and on Behalf of the California Subclass Against Defendant*

58. Plaintiff incorporates by reference all of the preceding paragraphs.

59. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

60. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate pertaining to Plaintiff the California Subclass's mortgages under Trial Payment Plans.

61. Based on these violations of Civil Code § 1785.25 (a), Plaintiff and the California Subclass are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive

CLASS ACTION COMPLAINT

relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### THIRD CAUSE OF ACTION

*Plaintiff Individually and on Behalf of the California Subclass Against Defendant*

72. Plaintiff incorporates by reference each allegation set forth above.

73. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

74. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

75. UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. See Durrell v. Sharp HealthCare, 183 Cal. App.. 4th 1350, 1365 (2010). Here, the Plaintiff satisfies all three.

76. The FTC test requires a Purchaser must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

77. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision report inaccurate information to the credit bureaus regarding their loan status. Now, Plaintiff and members of the class are receiving decreases in their credit scores and denials from various persons and or credit grantors. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

78. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Defendant induced individuals to accept its forbearance programs under the understanding that Defendant would honor it.

79. Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.., 20 Cal. 4th 163, 187 (1999).

80. Further, Defendant's false representations and omissions, forced Plaintiff and third parties to rely on these representations when choosing which student loan provider to use. Defendant induced Plaintiff and Class members to

believe that they would honor their loan status and report accurate information to the credit bureas. As a result, Defendant caused Plaintiff and Class members to forgo purchasing student loans from other loan servicers due to false representations.

81. A third test under for determining unfairness under the UCL is a balancing test as to whether the business practices is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 887 (1999).

82. Here all of these factors weigh heavily in favor of Defendant's business practices being unfair.

83. The Defendant took advantage of the market and of consumers to usurp a monopoly and deprive businesses and consumers from engaging in transactions that these businesses and consumers would have otherwise provided had Defendant not made false representations and omissions and had Defendant properly reported Plaintiff and class members loan status' to the credit bureas. In so doing, Defendant has acted, immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

84. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these purchasers could reasonably have avoided.

85. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

**86.** California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a Purchaser must allege that the fraudulent business practice

was likely to deceive members of the public.

87. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

88. Here, not only were Plaintiff and the Class members likely to be deceived, but these Purchasers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to forbearance under the basic assumption that they would properly update their loan status'. Due to the unequal bargaining powers of Defendant and Class Members, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

89. As explained above, Defendant deceived Plaintiff and other Class Members by representing the accurate reporting to credit bureaus of loan status' and falsely represented the nature of the forbearance.

90. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

**91.** California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

94. Finally, Defendant violated the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et. seq., as described below, and FCRA and CCCRA as described above. These actions by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

95. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable

relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CONSUMER LEGAL REMEDIES ACT

*Plaintiff Individually and on Behalf of the California Subclass Against Defendant*

62.  Plaintiff incorporates by reference each allegation set forth above herein.

63.  Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

   a. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code §1770(14)*; and

   b. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code §1770(16)*;.

64.  Pursuant to Cal. Civ. Code §1782(d), Plaintiff brings this cause of action for injunctive relief only at this time, but retains the right to amend her complaint without leave of court to include a request for damages thirty (30) days after compliance with Cal. Civ. Code §1782(a).

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;
- For statutory damages for Plaintiff and each member of The Class pursuant to the FCRA
- For statutory damages for Plaintiff and each member of The California Subclass pursuant to the CCCRA
- For actual damages according to proof;
- For restitution;
- For equitable relief, including injunction;
- For punitive damages;
- An award of any such amount as the court may allow for all other class members, against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) or any other law or statute against Defendant; and,
- Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT

**TRIAL BY JURY**

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 20th Day of August, 2021.

By: /s/ Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff